Garcia v. SOT

















NUMBER 13-03-00425-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JOSE GARCIA,                                                                             Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Jose Garcia, guilty of the offense of possession of cocaine
with intent to deliver and that he used or exhibited a deadly weapon during the commission
of the offense. After Garcia pleaded true to an enhancement paragraph in the indictment
alleging a prior felony, the jury assessed his punishment at ninety-nine years imprisonment
and a $10,000 fine. The trial court has certified that this case “is not a plea-bargain case,
and the defendant has the right to appeal.” See Tex. R. App. P 25.2(a)(2). In a single
issue, Garcia asserts he received ineffective assistance of counsel during trial. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
            During trial, Garcia’s counsel did not object to evidence that: (1) Garcia was a
member of a gang, and (2) the gang was involved in crime from “capital murder down to
theft.” Garcia’s counsel also did not object to evidence that: (1) the searched premises had
a photograph of Al Pacino from the movie “Scarface,” (2) Pacino’s character is a hero of
drug dealers, and (3) such photographs are found in anti-drug work. Garcia claims his trial
counsel was ineffective because counsel failed to object to this “gang evidence.” Garcia
argues that the “gang evidence” was irrelevant under rule 404(b). See Tex. R. Evid.
404(b). 
          Our review of counsel’s performance must be highly deferential. Strickland v.
Washington, 466 U.S. 668, 689 (1984). A defendant seeking relief must demonstrate that: 
(1) counsel’s performance failed to constitute reasonably effective assistance by falling
below an objective standard of reasonableness under the prevailing professional norms;
and (2) there is a reasonable probability that, but for counsel’s deficient performance, the
result of the proceeding would have been different. Id. at 694; Bone v. State, 77 S.W.3d
828, 833 (Tex. Crim. App. 2002). The burden of proving ineffective assistance of counsel
is on the appellant and requires proof by a preponderance of the evidence. Stafford v.
State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991); Moore v. State, 694 S.W.2d 528,
531 (Tex. Crim. App. 1985); Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984). An allegation of ineffective assistance of counsel will be sustained only if it is firmly
founded in the record and if the record affirmatively demonstrates counsel's alleged
ineffectiveness. McFarland, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Ex parte
McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App. 1980); Stone v. State, 17 S.W.3d 348,
350 (Tex. App.–Corpus Christi 2000, pet. ref'd).
          Effective assistance of counsel is gauged by the totality of the representation from
the pretrial representation of the accused through the punishment stage of the trial. Ex
parte Walker, 777 S.W.2d 427, 431 (Tex. Crim. App. 1989). Thus, the trial as a whole
must be reviewed and not isolated incidents of counsel's performance. Cannon, 668
S.W.2d at 403. The standard of review for ineffective assistance of counsel is the same
for all phases of the trial. Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App.
1999).
          We begin our analysis with a rebuttable presumption that counsel is better
positioned than the appellate court to judge the pragmatism of the particular case and that
he made all significant decisions in the exercise of reasonable professional judgment. 
Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). The presumption may be
rebutted by evidence of counsel’s reasoning or lack thereof. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). The record in this case does not show trial
counsel’s reasoning for not objecting to the complained-of evidence. Thus, we have
nothing before us from which to determine why counsel did not object to this evidence.
          In the absence of evidence of counsel’s reasons for the challenged conduct, the
appellate court will assume a strategic motivation and will not conclude that the conduct
was deficient unless the conduct was so outrageous that no competent attorney would
have engaged in it. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001);
Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); see Aldrich v. State, 104
S.W.3d 890, 896 (Tex. Crim. App. 2003) (“Appellate courts can rarely decide the issue of
unreasonable performance because the appellate record rarely speaks to the strategic
reasons that counsel may have considered.”). 
          Garcia’s assertion that he received ineffective assistance of counsel is not firmly
founded in the record, and the record does not affirmatively demonstrate the alleged
ineffectiveness. Accordingly, we hold that Garcia has not sustained his burden of proving
his ineffective assistance of counsel claim by a preponderance of the evidence.


 Garcia’s
sole issue is overruled.
          The judgment of the trial court is affirmed.


                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
5th day of August, 2004.